UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:21CV-P111-JHM

KEVIN MICHAEL TRIMBLE                                                                                      PLAINTIFF

v.

DET. TROY GIBSON *et al.*                                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin Michael Trimble filed a *pro se* 42 U.S.C. § 1983 complaint proceeding *in forma pauperis*. This matter is before the Court upon initial screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss Plaintiff's claims, allow him to amend his complaint, and order him to provide additional information concerning the state charges against him.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a convicted inmate at the Muhlenberg County Detention Center. He sues Troy Gibson, whom he identifies as a detective with the Pennyrile Narcotics Task Force, and Josh Beatty, a Deputy Sheriff with the Muhlenberg County Sheriff's Office, in their official capacities only.

Plaintiff alleges that he was arrested "for some warrants [he] wasn't aware of." He states, "I did not give these officers permission to break my door down and did not give permission to search my premises." He asserts, "I believe my United States Constitutional Right of Illegal Search & Seizure has been violated."

As relief, he seeks compensatory damages and "[r]elease when my parole day comes."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

**A. Official-capacity claims**

Plaintiff sues Defendants in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff identifies Defendant Gibson as a detective with the Pennyrile Narcotics Task Force. Presuming Defendant Gibson is employed by the Commonwealth of Kentucky,[1] claims brought against state officials or employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *Id.* State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claim for monetary damages against Defendant Gibson must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a Defendant who is immune from such relief.

The Court construes Plaintiff's official-capacity claim against Defendant Beatty as brought against his employer, Muhlenberg County. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second issue, a municipality cannot be held responsible for a constitutional deprivation unless

---

[1] Should Defendant Gibson in fact be employed by a municipality, the official-capacity claim against him would be dismissed for the same reasons that the official-capacity claim against Defendant Beatty will be dismissed.

there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of Muhlenberg County which caused his alleged harm. The complaint alleges actions affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). Accordingly, Plaintiff's official-capacity claim against Defendant Beatty will be dismissed for failure to state a claim upon which relief may be granted.

**B. Claim for release**

Plaintiff seeks injunctive relief in the form of release. However, release from custody is not an available remedy under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff's claim seeking release from custody must also be dismissed for failure to state a claim upon which relief may be granted.

**C. Opportunity to amend and order to provide information regarding charges**

Before dismissing the action for these reasons, the Court will give Plaintiff an opportunity to file an amended complaint suing Defendants Gibson and Beatty in their individual

capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

However, Plaintiff alleges Fourth Amendment claims for illegal search and seizure under § 1983. These claims relate to rulings that will likely be made in his criminal action. The U.S. Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007). In light of *Wallace v. Kato*, if Plaintiff has a criminal case stemming from his allegations that is still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter. Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Accordingly, in order to complete the initial review of the action pursuant to § 1915A, the Court will order Plaintiff to provide additional information concerning his charges.

## IV. ORDER

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendants Gibson and Beatty and his claim seeking release are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to § 1915A(b)(2) for seeking monetary damages from a Defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** suing Defendants Gibson and Beatty in their individual capacities.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on page 2 of Plaintiff's § 1983 complaint form (DN 1) and send it to Plaintiff for his use.

**IT IS FURTHER ORDERED** that within **30 days** of the entry date of this Memorandum Opinion and Order, **Plaintiff shall advise this Court in writing as to the status of the criminal charges** against him stemming from the incident alleged in the complaint. Specifically, Plaintiff must state all charges filed against him arising out of the incident and, for all charges, state whether the charges have been dismissed, are still pending, or whether he has been convicted.

**Plaintiff is WARNED that failure to comply fully with this Memorandum Opinion and Order within 30 days will result in dismissal of the action for the reasons stated herein**.

Date: February 18, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4414.010